UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV155 HEA |
| | ) | |
| STEVE LARKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on remaining Defendant Homan's Motion for Summary Judgment, [Doc. No. 15]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted.

**Introduction**

Plaintiff, an inmate at Southeast Correctional Center, filed this action *pro se* under 42 U.S.C. §1983 seeking damages and injunctive relief for alleged violations of his Fourth and Eighth Amendment rights. Specifically, Plaintiff alleges that on May 31, 2007, Defendant Homan strip searched him in front of two female officers. Plaintiff claims this action was a violation of these constitutional rights.

**Standard of Review**

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from

the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell ,* 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on

the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995); *Smith v. International Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific

facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines* 2008 WL 2609197, 3 (8th Cir. 2008).

### **Facts and Background**

Defendant has submitted a Statement of Uncontroverted Material Facts. Although Plaintiff has filed a response to Defendant's Motion, Plaintiff did not file a specific response to the Statement of Uncontroverted Material Facts. Local Rule 4.01(E) provides with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E).

Plaintiff's response to Defendant's motion does not include "specific

references to portions of the record, where available, upon which the opposing party relies." E.D. Mo. L.R. 4.01(E). As a result, Plaintiff is deemed to have admitted Defendant's statements of material fact. *Huckins v. Hollingsworth*, 138 Fed.Appx. 860, 862 (8th Cir.2005)(where plaintiffs responded to the defendants' statements of material facts by paragraph number as required by local rule but did not fully comply with that rule by submitting their own concise statement of material facts as to which they contended there exists a genuine issue to be tried, and instead provided the district court with affidavits, the district court did not abuse its discretion when it recounted the defendants' statements of facts verbatim but noted whenever the plaintiffs properly disputed a fact and the ground for their dispute).

> Plaintiff Ronnie Anderson is an inmate currently incarcerated at the Eastern Reception Diagnostic and Correctional Center (ERDCC).
>
> On May 31, 2007, Anderson was working as a plumber for the maintenance department at ERDCC. Anderson worked with two other inmates and they were all supervised by a DOC employee, Willard Halbrok.
>
> On May 31, 2007, the maintenance department was called to Housing Unit 10 for a plumbing job. All three inmates, and their supervisor, went to Housing Unit 10. Housing Unit 10 is an "R & D" unit or orientation unit. It is the unit where the new offenders are housed. The inmates in the "R & D" unit are not permitted to have tobacco products.
>
> Corrections Officer I (CO I) Dustin Homan, CO I Candace Roberts and Corrections Classification Assistant (CCA) Machelle Portell were all working in Housing Unit 10 on May 31, 2007. While in the D Wing of Housing Unit 10, CO I Roberts saw an offender who did not reside in cell D-

113 drop a rolled cigarette on the floor as he was walking out of D-113. Homan, Roberts, and Portell went into the D wing in order to conduct a cell search, and Homan decided to strip search the offenders residing in D-113 in order to see if there were any more cigarettes.

When the plumbers arrived at the housing unit, they told Homan, Portell, and Roberts that they were called to the same cell the day before for the same problem, a clogged toilet.

Homan asked the maintenance supervisor, Halbrok, if he would mind if his crew was strip searched and Halbrok did not object. Homan conducted the searches, and he searched the other two offender workers in addition to Anderson. Homan searched the inmates one at a time and in the back of the cell, by the wall. Homan did not make any physical contact with Anderson during the strip search. Homan did not make any inappropriate or demeaning comments to Anderson during the strip search.

Portell and Roberts were not in the cell while the searches were conducted. During Anderson's search, CO I Roberts was talking to the offenders across the hall in D-108 because they were being loud and disruptive. CCA Portell watched Anderson's two offender co-workers and searched Anderson's toolbox. Neither CCA Portell nor CO I Roberts spoke to Anderson during his strip search.

Before the search, Homan asked Anderson if he had any cigarettes on him. Anderson denied having any cigarettes on him and told Homan he left them in the maintenance truck. Homan found a cigarette inside a pack of candy in Anderson's shirt. Homan gave the cigarette to Anderson's supervisor so he could address the situation with Anderson.

Anderson saw a mental health care provider on two occasions regarding this incident.

## Discussion

As a threshold matter, Plaintiff argues that summary judgment is

inappropriate because it is based solely on his deposition and that the deposition was taken in violation of Rule 30 of the Federal Rules of Civil Procedure. Rule 30(a)(2)(B) provides: "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2): (B) if the deponent is confined in prison." Plaintiff claims leave of court was not obtained for the deposition. Plaintiff is flat out wrong. On April 16, 2008, the Court entered its Case Management Order which specifically provided that "Defendants are granted leave of Court, pursuant to Rule 30(a), Fed.R.C.P. to take the deposition of plaintiff, upon reasonable notice."

Plaintiff also argues that he is unable to prove his case because Defendant has refused to give him the discovery that he asked for and therefore he does not have any evidence. In response, Defendant represents to the Court that Defendants have provided Plaintiff with over 80 pages of discovery. Again, Plaintiff disputes this, arguing that the discovery Defendants provided refuse to "give up policies" in the provided discovery. This is the very first time the Court has heard from Plaintiff regarding any complaints he has had regarding this discovery. Also contained in the Court's Case Management Order is a detailed designation of the manner in which discovery is to be conducted. The Order provides that the parties may engage in discovery pursuant to the Federal Rules of Civil Procedure but all discovery was to be completed by July 15, 2008. This motion for summary judgment was filed on

August 28, 2008. At no time did Plaintiff raise any objection to the provided discovery, and his belated attempt to now argue that Defendant did not provide requested discovery is disingenuous at best. Furthermore, Plaintiff merely argues that Defendant's discovery was incomplete; Plaintiff has not even attempted to support this argument with documentation of the discovery provided. Moreover, Plaintiff argues that Defendant's reasons for not providing requested discovery are not valid in that he was able to obtain certain procedures via the internet. Again, Plaintiff fails to submit anything in the way of documented support for his self serving arguments.

With respect to the substantive issues raised herein, Defendant is entitled to summary judgment.

**<u>Defendant's Capacity</u>**

Plaintiff does not specify in which capacity Defendant is sued. Rather, he merely sets out that the suit is against "COI Haman [sic]." Defendant is correct, therefore, that Plaintiff cannot recover money damages from Defendant in his individual capacity, since failure to designate a capacity results in the presumption that the suit is against the official in his official capacity. Plaintiffs arguments that the Court and Defendant "should have known" are insufficient. The Eighth Circuit has repeatedly reiterated the rule requiring an unambiguous statement that an official

is being sued in his individual capacity. *Larson v. Kempker,* 414 F.3d 936, 939 (8th Cir.2005). The Eighth Circuit cases require more than ambiguous pleading. *See Andrus ex rel. Andrus v. Arkansas,* 197 F.3d 953, 955 (8th Cir.1999) ( "specific pleading of individual capacity is required" ); *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir.1999) ("only an express statement that [public officials] are being sued in their individual capacity will suffice"); *Murphy v. State of Arkansas,* 127 F.3d 750, 754 (8th Cir.1997) ("a clear statement that officials are being sued in their personal capacities" is required).

> We have repeatedly stated the general rule: "If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims.' *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir.1995); *see Nix. v. Norman,* 879 F.2d 429, 431 (8th Cir.1989). "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Artis v. Francis Howell N. Band Booster Ass'n, Inc.,* 161 F.3d 1178, 1182 (8th Cir.1998).

*Baker v. Chisom* 501 F.3d 920, 923 (8th 2007), cert. denied, __ U.S. __, 128 S.Ct. 2932 (2008). A "cryptic hint" in plaintiff's complaint is not sufficient. *Egerdahl,* 72 F.3d at 620.

Plaintiff cannot recover monetary damages against Defendant in his official capacity since a suit against an individual in his official capacity is the same as a suit against the State. The Eleventh Amendment to the United States Constitution

prohibits suits for damages against the state, agencies of the state or state officials acting in their official capacities. *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir.1989). Additionally, a state official sued in his official capacity is not a person within the meaning of 42 U.S.C. § 1983. State officials acting in their official capacities are, however considered to be "persons" under 42 U.S.C. § 1983 when they are sued only for prospective injunctive relief. *Will v. Michigan Dept. Of State Police*, 491 U.S. 58 (1989). A state official, therefore, may be sued in his official capacity for prospective injunctive relief when the plaintiff alleges defendant was acting in violation of constitutional or federal law. See *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Heartland Academy Community Church v. Waddle*, 427 F.3d 525, 530 (8th Cir.2005).

**Injunctive relief**

Plaintiff also seeks injunctive relief in that he requests that the practice of strip searching inmates in the presence of members of the opposite sex be prohibited and that employees engaging in such practice be fired. As Defendant correctly argues, Plaintiff is not entitled to the relief he seeks because he has failed to produce any evidence that his constitutional rights under the Fourth and Eighth Amendments have been violated.

**Fourth Amendment**

In order for the search to constitute a violation under the Fourth Amendment, the search must have been unreasonable. The Fourth Amendment prohibits only unreasonable searches. *Bell v. Wolfish*, 441 U.S. 520, 558 (1979). In determining whether searches are unreasonable, the court must balance the need for the particular search against the invasion of personal rights that the search entailed. *Franklin v. Lockhart*, 883 F.2d 654, 656 (1989). Some of the factors to be considered are the justification for initiating the search, and the scope, manner and place of the search. *Id*. Additionally, what is "unreasonable" must be considered within the prison context. *Merritt-Bey v. Salts*, 747 F.Supp. 536, 538 (E.D. Mo.1990).

Searches can violate a prisoner's constitutional rights if conducted in such a manner as to constitute "calculated harassment unrelated to prison needs." *Seltzer-Bey v. Delo*, 66 F.3d 961, 963 (8th Cir.1995). Here, plaintiff does not assert in his complaint that Defendant made any harassing remarks or acted in any manner suggesting improper conduct or intent. Instead, Plaintiff states that the female corrections officers were present in the area when he was strip searched. He makes conclusory remarks regarding the officers' intent, but does not support this claim with any facts tending to show that Defendant's conduct, as a corrections officer, was improper. Defendant was not the officer who requested the plumbers to come

to attend to the clogged toilet, and the fact that the plumbers were called only the day before to the same location arose suspicion regarding the presence of tobacco in a prohibited house such that a strip-search was deemed appropriate. The only complaint Plaintiff has about Defendant was that female officers were present during the strip search. This notwithstanding, the record establishes that the female officers did not actually witness the search: they were not in the cell while the searches were conducted. During Plaintiff's search, CO I Roberts was talking to the offenders across the hall and CCA Portell watched Plaintiff's two offender co-workers and searched Plaintiff's toolbox. Plaintiff testified that he could not see Portell during the search. Officer Roberts denies watching the search. Thus, the circumstances can be compared to those in *Merritt-Bey*, 747 F. Supp 536, in which the court determined that a search in front of a female officer did not violate plaintiff's constitutional rights.

The facts, as set forth by Plaintiff, do not suggest the order to strip down for a search constitutes calculated harassment unrelated to prison needs. Inmates are not in a position to determine institutional security requirements or to dictate which officers may be present during a search.

**Eighth Amendment**

Plaintiff was not subjected to cruel and unusual punishment or placed into a

position where there was an unreasonable risk of bodily harm by requiring a strip-search in the presence of the female officer. "[O]nly the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). While an Eighth Amendment claimant must allege and prove the unnecessary and wanton infliction of pain, the particular standard to be applied depends upon the kind of conduct of which the claimant complains. *Id.* at 320. To succeed on an Eighth Amendment claim under this standard, Plaintiff must demonstrate (1) that the conditions were objectively sufficiently serious or caused an objectively serious injury to him, and (2) that Defendants were deliberately indifferent, or acted with reckless disregard, to inmate constitutional rights, health, or safety. See *Stephens v. Johnson*, 83 F.3d 198, 200-01 (8th Cir.1996); *Givens v. Jones*, 900 F.2d 1229, 1234 (8th Cir.1990). *Berryhill v. Schriro* 137 F.3d 1073, 1076 (8th Cir. 1998).

No inappropriate remarks were made during the search and Plaintiff was not touched at all during the search. There is no evidence to support Plaintiff's claims that any of the officers engaged in inappropriate behavior nor that the female officers even witnessed the search. The record before the court is completely insufficient to establish that the search was cruel and unusual punishment.

## Conclusion

Based upon the foregoing analysis, Defendant's Motion is well taken. Plaintiff has failed to establish the existence of genuine issues of material fact sufficient to overcome Defendant's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, [Doc. No. 15], is **GRANTED**.

A separate judgment in accordance with the Opinion is entered this same date.

Dated this 18th day of November, 2008.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE